IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 10 2007

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| DEYANIRA GALLEGOS TAPIA, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. B-06-90 |
| UNION PACIFIC RAILROAD COMPANY, | § § | |
| Defendant. | § § | |

## OPINION & ORDER

BE IT REMEMBERED that on January _10_, 2007, the Court **GRANTED** Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint. Dkt. No. 22.

### I. Background

This case arises from an incident that occurred on April 22, 2005, in which Plaintiff allegedly suffered injuries after she fell off a ladder on the side of a moving train owned and operated by Defendant. Dkt. No. 5. The case is currently in the discovery phase. *See* Dkt. No. 13. In the instant motion, Plaintiff asks the Court to grant her leave to file her second amended complaint. Dkt. No. 22. Plaintiff wishes to amend her complaint in order to include more detailed facts, determined through the discovery process, regarding the issues and evidence that are the subject of the present action. *Id.* at 2. Defendant did not respond to Plaintiff's instant motion.

### II. Standard

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a party's pleading "shall be freely given when justice so requires." Whether to grant or deny leave to amend is within the trial court's discretion, and "denial of leave to amend may be required when allowing an amendment would cause undue prejudice to the opposing

party." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix*, 79 F.3d 480, 484 (5th Cir. 1996). Under Fifth Circuit law, a court must consider the following five factors in deciding whether to grant leave to amend a complaint: "(1) undue delay, (2) bad faith or dilatory motive [on the part of the movant], (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party [by virtue of allowance of the amendment], and (5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962))). In the absence of any of these factors, the requested leave should be freely granted. *Foman*, 371 U.S. at 182.

### III.   Analysis

In the present case, Plaintiff seeks to amend her pleading by including additional factual details regarding the incident at issue. Dkt. No. 22, Ex. A. Specifically, Plaintiff wishes to amend her pleading by supplementing the descriptions of events that took place immediately before, during, and after the incident. *Id.* Plaintiff learned of these factual details through discovery proceedings that the parties have engaged in thus far. Dkt. No. 22, at 2. Plaintiff also requests leave to amend her pleading to include a cause of action for "Direct Negligence of Union Pacific Railroad Company," which had not been asserted previously. Dkt. No. 22, Ex. A, at 12–14. In particular, Plaintiff bases her claim on events that allegedly occurred throughout the term of employment of one of Defendant's employees, who was present at the scene of the incident at issue. *Id.* Plaintiff also became aware of the bases for this new cause of action through the discovery process. *Id.*

The Court finds that Plaintiff's proposed amendments supplying more factual details to her pleading will provide the parties with additional notice of Plaintiff's claims and guide the parties in their litigation, and Defendant will not be prejudiced by these factual amendments. Additionally, because Plaintiff was made aware of these details through the discovery process, in which Defendant participated, it is likely that Defendant already has knowledge of the additional facts Plaintiff wishes to include in her pleading. The Court also finds that Defendant will not be unduly prejudiced by Plaintiff asserting the new cause of

action listed above. The parties are currently engaged in the discovery period of this case, which does not expire until February 28, 2007. Thus, Defendant will have the opportunity to respond to and defend itself against Plaintiff's newly asserted claim, to the extent it has not already done so. See S.S. Silberblatt, Inc. v. E. Harlem Pilot Block-Building 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979) (stating that the burden of conducting additional discovery does not outweigh the policy of Federal Rule of Civil Procedure 15(a)). Furthermore, Plaintiff became aware of the facts forming the bases of the new cause of action only after some discovery proceedings had been conducted, Dkt. No. 22, at 2, and the facts discovered are not of the type that Defendant should have been aware of prior to this point in the litigation process. Although Plaintiff has amended her pleading once before, that amendment concerned the proper name of Defendant and occurred less than one month from the date the present action was filed. Therefore, it is not reasonable that Plaintiff should have been aware of the bases for the amendments currently requested at that point in time. Also, no evidence of undue delay, bad faith on the part of Plaintiff, or futility of the proposed amendment has been presented to the Court. Thus, the factors first set forth in *Foman* warranting denial of leave to amend a pleading are not present in the record of the instant action. *Foman*, 371 U.S. at 182. Accordingly, the Court determines that Plaintiff should be granted leave to amend her pleading as requested.

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint. Dkt. No. 22. Pursuant to Federal Rule of Civil Procedure 15(a), Defendant shall plead in response to Plaintiff's amended pleading within 10 days after service of same.

DONE at Brownsville, Texas, this 10 day of January, 2007.

Hilda G. Tagle
United States District Judge